IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROSS E. KLINE and**<br>**JANE M. SEIDMAN-KLINE,** | **CIVIL NO. 1:CV-08-0980** |
| Plaintiffs | **JUDGE SYLVIA H. RAMBO** |
| v. | |
| **EDS RELOCATION &**<br>**ASSIGNMENT SERVICES;**<br>**CHARLES R. DELUTIS; and**<br>**MARILYN E. DELUTIS,** | |
| Defendants | |

**M E M O R A N D U M**

Plaintiffs Ross E. Kline and Jane M. Seidman-Kline bring this action against Defendants EDS Relocation and Assignment Services ("EDS") and Charles R. and Marilyn E. DeLutis ("DeLutises"), alleging fraud and breach of contract arising out of disclosures made in two real estate transactions. Before the court are Defendants' motions to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendants' motions will be granted.

**I.       Background**

   **A.      Facts**[1]

This dispute centers on disclosures made by sellers to buyers in a series of real estate transactions. In the first transaction, the DeLutises sold real property

---

[1] For the purposes of this motion to dismiss, the court sets forth the facts stated in Plaintiffs' complaint and accepts them as true.

situated at 2452 East Bayberry Drive, Harrisburg, Dauphin County, Pennsylvania to EDS. (Complaint ¶ 5.) Before closing, the DeLutises provided a property disclosure statement ("Disclosure") to EDS.[2] (*Id.*, Ex. B.) The sale between the DeLutises and EDS closed on July 25, 2005. A few months later, in the second transaction, EDS sold the property to Plaintiffs. The contract for sale ("Agreement") is attached as an exhibit to the complaint. (*Id.*, Ex. A.) Prior to closing, EDS did not complete a new disclosure, but rather provided Plaintiffs with a copy of the Disclosure it received from the DeLutises. (*Id.*, Ex. B.)

The Disclosure at issue in this case is five pages long and separated into sections related to different aspects and areas of the property. In paragraph 4, entitled "Basements and Crawl Spaces," the DeLutises disclosed that the property had a sump pump and that the sump pump had "run in the past." (*Id.*, Ex. B ¶ 4(a).) In response to the questions "Are you aware of any water leakage, accumulation, or dampness within the basement or crawl space?" and "Do you know of any repairs or other attempts to control any water or dampness problems in the basement or crawl space?" the DeLutises answered "No." (*Id.*, Ex. B ¶ 4(b), (c).) In the explanation

---

[2] Pennsylvania law requires sellers in real estate transactions to disclose any material defects known to the seller. To facilitate this disclosure, Pennsylvania requires sellers to complete a seller's disclosure form:

> Any seller who intends to transfer any interest in real property shall disclose to the buyer any material defects with the property known to the seller by completing all applicable items in a property disclosure statement which satisfies the requirements of section 7304 (relating to disclosure form). A signed and dated copy of the property disclosure statement shall be delivered to the buyer in accordance with section 7305 (relating to delivery of disclosure form) prior to the signing of an agreement of transfer by the seller and buyer with respect to the property

68 Pa. Cons. Stat. Ann. § 7303.

2

section, the DeLutises wrote "other than replacing sump pump as preventative maintenance." (*Id*., Ex. B ¶ 4.)

However, in paragraph 6, entitled "Structural Items," the DeLutises disclosed that the house had previously flooded. In response to the questions "Are you aware of any past or present water leakage in the house or other structures?" and "Are you aware of any fire, storm, water or ice damage to the property?" the DeLutises answered "Yes." (*Id.*, Ex. B ¶ 6(a), (f).) The DeLutises explained the incident as follows: "1996 - Jan. - Flood - electricity outage; sump pump failure - Insurance fully covered." (*Id.*, Ex. B ¶ 6.) Additionally, in paragraph 19 of the Disclosure, entitled "Miscellaneous," the DeLutises disclosed a prior insurance claim relating to the flood of the property, and explained "See p. 1 Section 4." (*Id.*, Ex. B ¶ 19.)

Plaintiffs initialed all pages of the Disclosure to acknowledge that they had received and reviewed it. There is nothing in the record to indicate that Plaintiffs made any further inquiry about the condition of the property after receiving the Disclosure.[3] The sale between EDS and Plaintiffs closed on October 11, 2005. (Complaint ¶ 4.)

### B. Procedural History

On June 13, 2007, Plaintiffs initiated a civil action against EDS and the DeLutises in the Court of Common Pleas of Dauphin County, Pennsylvania, by filing a writ of summons. (Doc. 12 at 2.) Via discovery, Plaintiffs became aware that during the January 1996 flood referenced in the Disclosure, eighteen inches of

---

[3] In the Agreement, Plaintiffs elected to inspect the property within ten days of executing the Agreement. (Complaint, Ex. A. ¶ 8.) However, neither Plaintiffs' complaint nor the supporting documents reveal whether Plaintiffs actually made an inspection of the property prior to closing.

water had accumulated in the basement of the property.  (Complaint ¶ 9.)   Plaintiffs filed a complaint against EDS and the DeLutises on April 30, 2008, alleging (1) fraudulent misrepresentation and concealment; (2) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. Ann. § 201 *et seq*. ("UTPCPL"); and (3) breach of contract for the sale of real property.  Plaintiffs allege that had they been made aware of the amount of water that had accumulated in the basement in January, 1996, they would not have purchased the property, and that they incurred damages as a result of the flooding.   The complaint does not describe the damage Plaintiffs claim to have suffered, though they demand compensation for certain repairs.  (*Id.* ¶ 10.)

The DeLutises removed the case to this Court pursuant to 28 U.S.C. § 1441 and invoked this court's diversity jurisdiction.[4]  (Doc. 1.)  On May 22, 2008, the DeLutises filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  (Doc. 3.)  EDS filed the same motion the following day.  (Doc. 6.)  The motions have been fully briefed and are ripe for disposition.

## II.      **Standard of Review**

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This statement must "give the defendant fair notice of what the . .

---

[4] Federal courts may exercise jurisdiction over state law claims where there is complete diversity among the parties and the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332(a). The requirements of diversity are satisfied here because the DeLutises live in Florida, EDS is a Virginia-based corporation, and Plaintiffs reside in Pennsylvania.  Additionally, the amount in controversy exceeds $75,000 because Plaintiffs allege roughly $36,000.00 in damages and seek treble that amount under the UTPCPL.

. claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Fair notice" in Rule 8(a)(2) "depends on the type of case—some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted). "A situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Id.* A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief. *Twombly*, 127 S. Ct. at 1965; *accord, e.g., Phillips*, 515 F.3d at 238-39; *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (The court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation." (quotations and citations omitted)); *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

However, allegations of fraud must satisfy a higher pleading burden than other claims. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The plaintiff must "plead with particularity the circumstances of the alleged fraud" in order to put the defendant "on notice of the precise misconduct" that they are charged with, and to protect defendants from "spurious charges of immoral or fraudulent behavior." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984) (internal quotations omitted). Rule 9(b) "requires

plaintiffs to plead 'the who, what, when, where, and how: the first paragraph of any newspaper story.' " *In re Cendant Corp. Sec. Litig.*, 190 F.R.D. 331, 335 (D.N.J. 1999) (citing *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir. 1999) (internal citations omitted)).

In deciding a motion to dismiss, the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007). *Accord Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) . "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Id.* Here, because the parties do not dispute the authenticity of the Disclosure and Sales Agreement, which are attached as exhibits to the complaint, the court will consider these documents in reviewing Defendants' motions.

### III.     Discussion

In their motions to dismiss, both the DeLutises and EDS raise similar objections to the complaint, arguing that: (1) Plaintiffs have not alleged all the

6

elements of fraud; and (2) Plaintiffs cannot establish a claim for breach of contract. These arguments will be discussed in turn.

### A. Common Law Fraud

To state a cause of action for common law fraud in Pennsylvania, a plaintiff must plead the following elements:

> (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.

*Sewak v. Lockhart*, 699 A.2d 755, 759 (Pa. Super. 1997) (quoting *Gibbs v. Ernst*, 647 A.2d 882, 889 (Pa. 1994)). Fraud consists of anything calculated to deceive. *Silverman v. Bell Sav. & Loan Ass'n*, 533 A.2d 110, 113–14 (Pa. Super. 1987).

Here, the court will analyze whether Plaintiffs have pleaded all of the elements necessary to establish a fraud action against each Defendant through the lens of the heightened pleading standard required by Fed. R. Civ. P. 9. Moreover, because all of the claims undisputably arise from the contents of the Disclosure, the court will consider that document in deciding the motions to dismiss. *See Miller v. Saxon*, No. 07-2105, *slip op.* at 14–15 (3d Cir. Oct. 1, 2008) (holding that documents from which the claims undisputably arise may be considered in deciding motions to dismiss).

### 1. The DeLutises

The DeLutises argue that Count I must be dismissed because Plaintiffs have not sufficiently pleaded two elements of common law fraud: misrepresentation and justifiable reliance upon the misrepresentation. Turning first to misrepresentation, Pennsylvania courts find fraud in real estate transactions "when a

seller knowingly makes a misrepresentation, undertakes a concealment calculated to deceive, or commits non-privileged failure to disclose." *Blumenstock v. Gibson*, 811 A.2d 1029, 1034 (Pa. Super. 2002) (citing *Sewak v. Lockhart*, 699 A.2d 755, 759 (Pa. Super. 1997)).

Plaintiffs allege that the DeLutises committed a misrepresentation by not disclosing the flood in paragraph 4 of the disclosure form, entitled "Basements and Crawl Spaces." However, the questions in this section—"Are you aware of any water leakage, accumulation, or dampness within the basement or crawl space" and "Do you know of any repairs or other attempts to control any water or dampness problems in the basement or crawlspace"—are all worded in the present tense. The DeLutises responded that they were not aware of any current water problems in the basement, and they disclosed that there was a sump pump, which had run in the past. There are no allegations in the complaint that there were any water problems in the basement at the time of the sale, or that there have been any additional water problems since 1996.

Moreover, in paragraph 6, the DeLutises fully disclosed the flood and its circumstances. This paragraph included questions about "past or present water leakage" and "fire, storm, water or ice damage" to the house. (Complaint Ex. B ¶ 6(a),(f).) In this section, the DeLutises explained that in January 1996 there had been a flood caused when the sump pump failed during a power outage, and that the damage was covered by insurance. While Plaintiffs acknowledge that the flood was disclosed in paragraph 6 of the Disclosure, they argue that the DeLutises committed a misrepresentation by failing to disclose the depth of the water that accumulated in the basement of the property at that time. However, the Disclosure did not include

any questions about the extent of any damage caused by a water incident. Accordingly, the answers supplied by the DeLutises to the questions in the Disclosure were entirely candid and accurate.

Plaintiffs cite *Schwartz v. Rockey*, a recent Pennsylvania Supreme Court decision involving a claim of fraudulent misrepresentation and concealment of water problems in a real estate sale, in support of their claim. 932 A.2d 885, 888 (Pa. 2007).[5]  However, the facts of this case differ in significant respects from *Schwartz*, and so Plaintiffs' reliance on the case is misplaced.  In *Schwartz*, the sellers installed a sump pump and a backup flow preventer in the floor drain in an attempt to cure a serious water problem in the basement.  Despite these efforts, the following year the basement flooded and the water reached a depth of eighteen inches. *Id.* at 889.  Thereafter, the sellers disclosed on the seller's disclosure form that there had been water infiltration problems, but led the buyers to believe that the sump pump had fully cured the water problem.  The buyers only learned of the flood after purchasing the property. *Id.*  Under these circumstances, the trial court found that the seller had failed to disclose, and actively concealed a material defect of the property—the continuing water problem as demonstrated by the 1998 flooding incident—and that had the buyers been aware of the concealment, they would not have purchased the property. *Id.*

In *Schwartz*, the fact that the flood occurred after the sump pump was installed demonstrates that the sump pump was ineffective at curing the water

---

[5] The Pennsylvania Supreme Court did not review the trial court's findings related to fraud. Instead, the issues before the Pennsylvania Supreme Court involved election of remedies, promptness of pursuing rescission of contract and allowance of treble damages under the UTPCPL. *Schwartz v. Rockey*, 932 A.2d 885, 885 (Pa. 2007). Because the trial court opinion is unpublished and unavailable, the court will cite to the Supreme Court's opinion in describing the facts and the trial court's holding.

problem in the basement. Accordingly, the ineffectiveness of the sump pump—not the depth of the flood—was the misrepresentation at issue in that case. In contrast to the sellers in *Schwartz*, here the DeLutises revealed that the basement had flooded when the sump pump failed during an electricity outage. Moreover, there is no allegation that there have been any subsequent water problems in the basement despite the existence of the sump pump. Accordingly, the DeLutises committed no misrepresentation when they disclosed the fact that the basement had flooded, but not the depth of the flood water.

In addition, Plaintiffs fail to sufficiently plead that the alleged misrepresentation—the omission of the depth of the water accumulation—was material to the sale. A misrepresentation or concealment is considered "material" if "it is of such character that had it not been made . . . the transaction would not have been consummated." *Sewak*, 699 A.2d at 760 (quoting *Sevin v. Kelshaw*, 611 A.2d 1232, 1237 (1992)); *see also* Restatement (Second) of Contracts § 162(2) (1981) ("A misrepresentation is material if it would be likely to induce a reasonable person to manifest his assent, or if the maker knows that it would be likely to induce the recipient to do so"). The complaint does not allege facts that would explain why a buyer already on notice that there had been a flood in the basement over nine years ago would find the depth of that flood significant. Indeed, the complaint lacks any facts to put this alleged omission into context. In an action alleging fraud, the facts must be pleaded with particularity. Accordingly, Plaintiffs' claim must also fail because the complaint fails to plead any facts to suggest that the alleged misrepresentation was material.

Finally, the DeLutises argue that Plaintiffs' reliance on the alleged misrepresentation was not justified. The court agrees that even assuming *arguendo* that a misrepresentation by omission was made, Plaintiffs' reliance was not justified. To determine whether reliance on a misrepresentation is "justifiable," Pennsylvania courts examine the misrepresentation to see if its falsity is "readily ascertainable." *CoreStates Leasing Inc. v. Housewright*, No. Civ. A. 96-8678, 1998 WL 151028, at *8 (E.D. Pa., Mar. 31, 1998). A buyer who is given full opportunity to personally determine the truth of matters stated and does not make investigations cannot later complain of seller's misrepresentations. *Rothermel v. Phillips*, 141 A. 241, 243 (Pa. 1928). As the Pennsylvania Superior Court explained in *Toy v. Metropolitan Life Insurance Company*,

> although the recipient of a fraudulent misrepresentation is not barred from recovery because he could have discovered its falsity if he had shown his distrust of the maker's honesty by investigating its truth, he is nonetheless required to use his senses, and cannot recover if he blindly relies upon a misrepresentation the falsity of which would be patent to him if he had utilized his opportunity to make a cursory examination or investigation.

863 A.2d 1, 12 (Pa. Super. Ct. 2004).

Here, as noted above, paragraph 6 of the Disclosure clearly reveals that a flood occurred in 1996 due to a sump pump failure during a power outage, and that insurance fully covered the damage. This disclosure was clear, and not misleading in any way. It was sufficient to put Plaintiffs on notice that there had been a flood, and that at least some damage had resulted. If Plaintiffs found the details of the flood important—in particular the depth of the water accumulation—they should have made further inquiries about the incident, or performed an inspection of the

property prior to closing. Plaintiffs' failure to do so was unreasonable, and so their reliance on the alleged misrepresentation was unjustified.

Because Plaintiffs have not sufficiently pleaded any material misrepresentation or justifiable reliance in support of their fraud claim, the DeLutises motion to dismiss Count I pursuant to Fed. R. Civ. P. 12(b)(6) will be granted.

### 2. EDS

To the extent that the fraud claim against EDS is based on the DeLutises' Disclosure, it must also fail for the reasons noted above. Moreover, the complaint specifically states that the DeLutises—and not EDS—completed the Disclosure. (Complaint ¶ 7.) In the complaint, Plaintiffs allege that EDS knew about the water that had accumulated in the basement in 1996 (*Id.* ¶ 14), but the complaint fails to supply any facts to support this conclusion, other than the Disclosure. However, Plaintiffs cannot maintain that the Disclosure served to put EDS on notice of the flood, but was insufficient to disclose the flood to Plaintiffs. Because Plaintiffs have failed to plead with particularity facts supporting their claim of fraud against EDS, the claim must be dismissed.

### B. The Unfair Trade Practices Consumer Protection Law Claim

Plaintiff's UTPCPL claims against Defendants must also be dismissed. The UTPCPL provides that it is unlawful to engage in "unfair or deceptive acts or practices in the conduct of any trade or commerce," 73 Pa. Cons. Stat. Ann. § 201-3, including "engaging in any other fraudulent conduct which creates a likelihood of confusion or of misunderstanding." § 201-2(4)(xxi). In order to state a fraud claim under the UTPCPL, a plaintiff must first satisfy the elements of common law fraud.

*Weinberg v. Sun Co., Inc.*, 777 A.2d 442, 446 (Pa. 2001); *see also Booze v. Allstate Ins. Co.*, 750 A.2d 877, 880 (Pa. Super. 2000). As explained above, Plaintiff has not stated a claim for common law fraud against Plaintiffs and EDS. Accordingly, Plaintiff's UTPCPL claims must also be dismissed.

### C.     Breach of Contract

Defendants also seek to dismiss the breach of contract claims, arguing that no misrepresentation was made, and in the alternative, that Defendants owed no duty to Plaintiffs. To state a claim for breach of contract in Pennsylvania, a plaintiff must allege (1) an agreement, (2) breach of a duty imposed by that agreement, and (3) damages suffered to the plaintiff as a result of that breach. *Gorski v. Smith*, 812 A.2d 683, 692 (Pa. Super. 2002). If a contract contains an integration clause, or language stating "that such agreement is the final and complete expression of the agreement," then the unambiguous written contract is held to express all of the agreements made prior to its execution, and neither oral testimony nor prior written agreements may be admitted to explain or vary the terms of the contract. *Rock v. Voshell*, 397 F. Supp. 2d 616, 623 (E.D. Pa. 2005) (citing *Paxson v. Asensio*, No. Civ. A. 02-8986, 2003 WL 21076984, at *5 (E.D. Pa. May 5, 2003)).

Here, as noted above, neither the DeLutises, nor EDS made any misrepresentation to Plaintiffs about the condition of the property prior to the sale. The Disclosure put Plaintiffs on notice that there was a flood in January 1996 caused by a sump pump failure during a power outage. The fact that the Disclosure did not include every detail of the incident does not mean that the Disclosure contains a misrepresentation. If Plaintiffs were concerned about the depth of the water or the

extent of the damage from the flood, they should have made further inquiries before purchasing the property.

Morever, the breach of contract claim against EDS must fail because the alleged misrepresentation was contained in the Disclosure, which was not a part of the contract for sale.  The Agreement contains an integration clause stating that the contract "contains the whole agreement between Seller and Buyer, and there are no other terms obligations, covenants, representations, statements, or conditions, oral or otherwise of any kind whatsoever concerning this sale." (Complaint, Ex. A ¶ 26.)  The section provides for the express incorporation of other documents into the Agreement, but the Disclosure is not listed.  Accordingly, the Disclosure is not part of the Agreement.  *See Voshell*, 397 F. Supp. at 623 (holding that a disclosure form is not part of a real estate sales agreement unless it is expressly incorporated in the space provided for additional documents on the sales agreement).  Thus, even if the Disclosure contained a misrepresentation—which it does not—it cannot form the basis for a claim of breach of contract because the Disclosure was not part of the contract.

Additionally, the contract claims against the DeLutises must fail because there is no privity of contract between the Delutises and Plaintiffs, and thus the DeLutises owe no duty to Plaintiffs.  "It is fundamental contract law that one cannot be liable for a breach of contract unless one is a party to that contract." *Electron Energy Corp. v. Short*, 597 A.2d 175, 177 (Pa. Super. Ct. 1991).  The only parties to the Agreement are EDS and Plaintiffs. (Complaint, Ex. A. at 8.)  Because the DeLutises are not a party to the Agreement between EDS and Plaintiffs, they owe no duty to Plaintiffs and cannot be liable for any breach of the Agreement.

In sum, Plaintiffs' contract claims against both Defendants fail because there was no misrepresentation, and Plaintiffs have not alleged a breach of any duty owed by any Defendant. Therefore, the breach of contract claims against both Defendants will be dismissed.[6]

**IV.      Conclusion**

In accordance with the foregoing discussion, the court will grant Defendants' motions to dismiss (Docs. 3, 6). An appropriate order will issue.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: November 4, 2008.

---

[6] Both the DeLutises and EDS make additional arguments in favor of dismissal based on waiver provisions in the Agreement and other documents. Because dismissal is warranted due to Plaintiffs' failure to sufficiently plead causes of action based on fraud and breach of contract, the court does not need to reach the waiver issues in this dispute.

15

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROSS E. KLINE and**<br>**JANE M. SEIDMAN-KLINE,**<br><br>        **Plaintiffs**<br><br>        v.<br><br>**EDS RELOCATION &**<br>**ASSIGNMENT SERVICES;**<br>**CHARLES R. DELUTIS;**<br>**and MARILYN E. DELUTIS,**<br><br>        **Defendants** | : CIVIL NO. 1:CV-08-0980<br>:<br>: **JUDGE SYLVIA H. RAMBO**<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

# **O R D E R**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT**:

1) Defendant EDS Relocation & Assignment Services' motion to dismiss (Doc. 6.) is **GRANTED.**

2) Defendants Charles R. And Marilyn E. DeLutis' motion to dismiss (Doc. 3.) is **GRANTED.**

2) The Clerk of Court shall close the file.

                                        s/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated: November 4, 2008.